(67 South. 340)

No. 20944.

HUTTIG SASH & DOOR CO. v. ALLEN MFG. CO., Limited.

In re ALLEN MFG. CO., Limited.

(Jan. 11, 1915.   Rehearing Denied Feb. 8, 1915.)

*(Syllabus by the Court.)*

SALES 347—ACCEPTANCE UNDER PROTEST—WAIVER OF RIGHT — SUBSEQUENT AGREEMENT.

Where the defendant gave an order to the plaintiff for the manufacture of a certain lot of doors, sash, transoms, etc., out of "Western pine," and the plaintiff accepted the order, but manufactured the articles out of "spruce," and shipped them to the defendant, which accepted the articles under protest, reserving its right to claim a certain deduction from the contract price, and the plaintiff refused to allow any deduction on the ground that the term "Western pine" and "spruce" mean the same kind of wood; but thereafter, by agreement of the parties, the defendant paid the contract price, less the deduction claimed, and the question of the deduction was left open to be "adjusted by arbitration or by the courts." *Held,* in a suit by the plaintiff to recover the unpaid portion of the purchase price, that the question of defendant's right to accept the articles, under protest, had been eliminated by the subsequent partial execution of the contract under the agreement of the parties.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 962–972; Dec. Dig. 347.]

Action by the Huttig Sash & Door Company against the Allen Manufacturing Company, Limited. Each party recovered. The judgment for defendant was reversed by the Court of Appeal, and it applies for certiorari or writ of review. Judgment of Court of Appeal reversed, and judgment of district court affirmed.

Herndon & Herndon, of Shreveport, for plaintiff. Thatcher & Welsh, of Shreveport, for applicant.

## On Motion to Dismiss.

LAND, J. Plaintiff has moved to dismiss the foregoing application on the ground that the affidavit attached thereto made by F. Thatcher, Esq., attorney for the petitioner, who deposed that the president of the petitioning company was absent from the parish of Caddo, was insufficient, in that it did not state that there was no other officer of said company in said parish authorized to make the affidavit. The motion sets forth that the vice president and the secretary-treasurer of said company were residents of said parish, but does not aver that either of them was present in the parish when the affidavit was made, nor does it show what powers, if any, were conferred by the charter or by-laws on such officers to represent the company in matters of litigation.

The motion to dismiss is therefore overruled.

## On the Merits.

Plaintiff sued the defendant to recover the sum of $275, alleged balance due on account for sash, doors, transoms, etc., manufactured on order, and delivered, and used by the defendant. Plaintiff in its amended petition, alleged that the original order called for "Western pine," and that the material furnished by the plaintiff was in "spruce," synonymous with "Western pine" in the lumber trade.

The account attached to the petition shows that the original amount was $1,157.87, and that the defendant was credited thereon with $882.97, leaving a balance of $275 to the debit of the account.

The defendant filed a voluminous answer, giving all the details of the transaction from the beginning to the end. Defendant averred that the contract called for pine, and not spruce; that the building contractors, to whom the defendant had sold the shipment as pine, rejected the same when they discovered that it was spruce; that defendant at once wired plaintiff its protest, and later wrote that the contractor would not accept the goods unless a deduction of $325 was allowed; that plaintiff, after a considerable delay,

wrote defendant that "spruce" came under the heading of "Western pine," and that the material shipped was in compliance with the order, and refused to make the allowance; that defendant, being unable to procure pine material elsewhere in time to fill his contract with the building contractors, finally allowed them a deduction of $275, and accepted the shipment under protest, and so notified the plaintiff, defendant reserving the right to hold the plaintiff responsible for said amount. The answer averred that the defendant paid plaintiff's account, less the amount of $275, which was a reasonable allowance in the interest of both parties to the contract. The answer further averred that plaintiff had failed to comply with its contract to deliver "Western pine" material, and prayed that plaintiff's demand be rejected, and, in the alternative, for judgment in reconvention against the plaintiff in the sum of $275, with interest.

The case was tried, and there was judgment in favor of the plaintiff for $275, with interest and costs, and judgment in favor of the defendant for $250, with interest and costs on its reconventional demand.

Plaintiff appealed to the Court of Appeal, which reversed the judgment in favor of the defendant. The case comes before us on a writ of review.

The opinion of the Court of Appeal states that the defendant sent the plaintiff its check for $789.70 in payment of the account due it, after deducting the amount of $275, and the plaintiff returned the check with the statement that it would accept it in part payment of its account, but not full payment. The court, however, failed to state that the account sued on shows that the amount of the check was subsequently credited to the account of the defendant, leaving a balance of $275 in dispute.

A letter in the record from the plaintiff to the defendant reads in part as follows:

"August 26, 1911.

"Gentlemen: Your letter of the 24th day is received and contents carefully noted.

"In reply wish to state we are perfectly willing to accept your check for $799.70 as part payment of your account and leave the amount which you deduct of $275.00 stand until this matter is either adjusted by arbitration or the courts."

Four days later credit for the amount of $799.70 was given to the defendant on his account with the plaintiff. This settlement left the plaintiff a creditor for $275, subject to the defendant's counterclaim for the same amount, and was a practical acknowledgment of defendant's right to accept the goods under protest.

As to the kind and quality of the material to be furnished under the contract between the parties, the Court of Appeal said:

"The only question of fact in the case is whether or not spruce is included in the term Western pine or white pine.

"There were a number of witnesses on this point, and, while the preponderance of the testimony is with the defendant and in support of the negative side of the proposition, there is enough on the other side to make it probable at least that plaintiffs are not acting in bad faith in contending as they do.

"It may be that custom to which they refer prevails to a greater extent in their locality than it does here."

On the law of the case the Court of Appeal held that the contract could not be rejected in part and accepted in part, citing the Am. & Eng. Ency. of Law to the effect that a rejection, to be effectual, must be unconditional, and that any act done by the buyer which he would have no right to do, unless as owner of the goods, amounts to an acceptance.

Defendant claimed the right to accept the articles under protest, with reservation of his claim for a reduction of the price on account of the defective quality of the material. Plaintiff, in its letter of August 26, 1911, conceded this right, by agreeing to leave the question of the deduction of $275 to be "adjusted by arbitration or by the courts." This

action was instituted for the very purpose of adjusting the matter through the courts. All other questions were settled in August, 1911, by the payment and receipt of the balance of the price of the sale.

It is therefore ordered that the judgment of the Court of Appeal herein be reversed, and it is now ordered that the judgment of the district court herein be affirmed; costs in both appellate courts to be paid by the plaintiff.